FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

03 MAR 26 PH 1: 56

U.S. DISTRICT COURT
N.D. OF ALABAMA

GARY DUNN,                          )
                                    )
          Plaintiff,                )
                                    )
vs.                                 )      CV 02-J-0608-S
                                    )
ENERGY DISPATCH, LLC,               )
                                    )
          Defendant.                )      **ENTERED**
                                    )
                                           MAR 2 6 2003

## MEMORANDUM OPINION

Pending before the court is defendant Energy Dispatch's motion for summary

judgment (doc. 12).  The court has reviewed defendant's motion and the parties' other

submissions.  For the reasons set forth below, the court finds that defendant's motion is

due to be granted.

### I. Background

Plaintiff, Gary Dunn, was hired by defendant, Energy Dispatch, as a night-shift

truck driver in March 2001.  Lee Affidavit at ¶3.  Plaintiff changed from the night shift to

the day shift in August 2001, but he had the same supervisor, Jimmy Hazel, during both

shifts.  Plaintiff's Depo. at 13.  Plaintiff is also a member of the Alabama Army National

Guard and was informed upon being hired by defendant that his supervisor would work

with him regarding his drill obligations. Plaintiff's Depo. at 14-15, 45.

Hazel made several comments/complaints ("at least four") about plaintiff's drill

26

obligations during his employment with defendant. Plaintiff's Depo. at 37.  These comments included a reference from Hazel that the National Guard was a waste of time. Plaintiff's Depo. at 39-40.

In August 2001,  plaintiff voluntarily transferred to the day shift upon being asked by Hazel because it was a potential benefit to his career.  Plaintiff's Depo. at 48. However, unbeknownst to plaintiff at the time, his salary dropped due to the shift change. Plaintiff's Depo. at 48. Upon moving to the day shift, plaintiff asserts that a better paying day shift position became available.  Plaintiff asserts that an employee junior to him, without the same National Guard obligations, received this better paying position with more favorable routes.  Plaintiff's Depo. at 54-56.  Plaintiff contends that his failure to receive the higher paying position was due to his National Guard obligations.

Later, plaintiff voluntarily resigned from defendant's employment.  Subsequently, plaintiff filed this action for discrimination on the basis of his military status under the Uniformed Services Employment and Re-employment Rights Act.  Plaintiff has since been called to active duty in the military.

## II. Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the

2

moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477

U.S. 317, 322 (1986).   As the Supreme Court has explained the summary judgment

standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary
> judgment, after adequate time for discovery and upon motion, against a
> party who fails to make a showing sufficient to establish the existence of an
> element essential to that party's case, and on which that party will bear the
> burden of proof at trial.  In such a situation, there can be no genuine issue as
> to any material fact, since the complete failure of proof concerning an
> essential element of the non-moving party's case necessarily renders all
> other facts immaterial.

*Celotex Corp.*, 477 U.S. at 322-23.  The party moving for summary judgment always

bears the initial responsibility of informing the court of the basis for its motion and

identifying those portions of  the pleadings or filings which it believes demonstrates the

absence of a genuine issue of material fact.  *Id.* at 323.  The burden then shifts to the non-

moving party to "go beyond the pleadings and by . . . affidavits, or by the 'depositions,

answers to interrogatories, and admissions on file' designate 'specific facts showing that

there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro. 56(e).  In

meeting this burden the non-moving party "must do more than simply show that there is a

metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio

Corp.*, 475 U.S. 574, 586 (1986).  That party must demonstrate that there is a "genuine

issue for trial." Fed. R. Civ. Pro. 56(c); *Matsushita*, 475 U.S. at 587.  *See also Anderson

v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

   "The mere existence of some factual dispute will not defeat summary judgment

unless that factual dispute is material to an issue affecting the outcome of the case...A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000), quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995).  A factual dispute regarding a non-material issue will not preclude the defendant from succeeding on a motion for summary judgment. *Brown v. American Honda Motor Co.*, 939 F.2d 946, 953 (11th Cir. 1991).

### III. Analysis

The basis of plaintiff's action is a discrimination claim under the Uniformed Services Employment and Re-employment Rights Act.  A prima facie case of discrimination under the USERRA is present where plaintiff demonstrates that: (1) he is a member of a protected class, and (2) his class status was a "substantial or motivating factor in the adverse [employment] action." *See, e.g., Leisek v. Brightwood Corp.*, 278 F.3d 895, 899 (9th Cir. 2002) quoting *NLRB v. Transportation Management Corp.*, 462 U.S. 393, 401 (1983) overruled in part on other grounds by *Director, Office of Workers' Compensation Programs, Department of Labor v. Greenwich Collieries*, 512 U.S. 267, 278 (1994).  Should plaintiff set forth this prima facie case, an employer may still avoid liability if it can demonstrate that it would have made the same decision anyway based upon a valid reason. *Leisek*, 278 F.3d at 898.

4

The class protected by the USERRA are individuals in the uniformed service of the United States.   Plaintiff's status with the Alabama Army National Guard brings him within the class of protected individuals under the USERRA.  38 U.S.C. §4303(13), (16); 38 U.S.C. §4311; *see also Leisek*, 278 F.3d at 899.  Accordingly, it is necessary to determine if plaintiff's status in the National Guard was a motivating factor in some employment action that had an adverse impact on plaintiff.

A plaintiff may demonstrate that his protected class status served as a substantial or motivating factor for an adverse employment action in several ways.  Discriminatory motivation under the USERRA may reasonably be inferred where the employer has an expressed hostility towards members protected by the statute together with knowledge of employee's military activity.  *Leisek*, 278 F.3d at 900 quoting *Sheehan v. Department of the Navy*, 240 F.3d 1009, 1014 (Fed. Cir. 2001).  Any consideration of an employee's protected class status when making an employment decision serves to meet the criteria that an individual's status was a "motivating factor." *Robinson v. Morris Moore Chevrolet-Buick, Inc.*, 974 F.Supp. 571, 575 (E.D. Tex. 1997).

Plaintiff has testified that Hazel made several negative comments about his activities with the National Guard.  Hazel allegedly stated in regard to the National Guard that, "you don't do anything anyway, all y'all do is drink coffee, sit down and drink coffee..." Plaintiff's Depo. at 39-40.  Hazel also allegedly commented to plaintiff that "the Guard was a waste of time..."  Plaintiff's Depo. at 40.  Hazel went on to tell plaintiff

5

that "you got to do something about drill dates and you are having them too often, too often." Plaintiff's Depo. at 36. Hazel was aware of plaintiff's status as a member of the National Guard at the time he made these statements. Plaintiff's Depo. at 38.

Defendant has cited several cases for the proposition that plaintiff cannot rely solely on his own testimony in order to demonstrate that his protected status was a substantial or motivating factor. *See, e.g., Peterson v. Department of Interior*, 71 M.S.P.R. 227, 237 (1996); *Hill v. Michelin North America, Inc.*, 252 F.3d 307, 315 n.3 (4th Cir. 2001). However, these cases are not analogous to the case at hand. This is exemplified by defendant's reliance on *Barreto v. ITT World Directories, Inc.,* in which a federal district court in Puerto Rico found that plaintiff had failed to demonstrate that his protected military status was a substantial or motivating factor in his dismissal despite plaintiff's testimony that his supervisor informed him that had the supervisor "known that plaintiff was in the military he would not have hired him." 62 F.Supp.2d 387, 392 (D. Puerto Rico 1999). However, the facts of this case differ markedly from *Barreto*. In *Barreto*, the court made this finding because the evidence demonstrated that defendant and the supervisor were in fact aware that plaintiff was in the military when they hired him and plaintiff contradicted his own testimony in his deposition. *Id.* Accordingly, the *Baretto* court's finding that plaintiff's testimony was insufficient to demonstrate discriminatory animus is not applicable to the facts of this case.

As plaintiff has presented evidence of comments made by defendant indicating

6

hostility toward the protected class and defendant was aware of plaintiff's protected class status, plaintiff has met this element of his prima facie case.

Next, plaintiff must demonstrate that he suffered an adverse employment action. 38 U.S.C. § 4311(b). However, plaintiff is unable to do so in this case. There is no case law which defines an adverse employment action under the USERRA, but it can be reasonably inferred that the definition of "adverse employment action" under the USERRA is similar to that under other anti-discrimination statutes such as Title VII. The Eleventh Circuit Court of Appeals has found in the context of Title VII, that an adverse employment action must constitute "a *serious and material* change in the terms, conditions, or privileges of employment." *Davis v. Town of Lake Park, Fla.*, 245 F.3d 1232, 1239 (11th Cir. 2001) (emphasis in original)

Plaintiff asserts that he suffered three adverse employment actions during his employment with defendant. First, plaintiff asserts that his change from the night shift to the day shift, which accompanied with it a decrease in pay, constituted an adverse employment action. However, plaintiff voluntarily agreed to make this shift change and testified that he viewed the change as beneficial to "advance [his] career with Energy Dispatch." Plaintiff's Depo. at 48. Plaintiff asserts that because he was not informed that his salary would be lower in the new position, this constitutes an adverse employment action. Had plaintiff provided some evidence that he was misled into taking this position, this could potentially be an adverse employment action. *Bunnion v. Consolidated Rail*

7

*Corp.*, 108 F. Supp.2d 403, 430 (E.D. Pa. 1999). No evidence has been presented, however, that Hazel told plaintiff before he made the shift change that his salary would not change or otherwise misled plaintiff in any way.

Plaintiff also asserts that this shift constituted an adverse action because he received "worse" driving routes in his new day position. However, again, plaintiff voluntarily made this switch and plaintiff has not testified that Hazel told him he would receive a position with good routes. Plaintiff's Depo. at 48. Moreover, without additional evidence presented as to how these day-time routes were "worse," it is impossible to say that the change constituted a "serious and material" adverse change in plaintiff's employment. Accordingly, as this shift change was made voluntarily by plaintiff, it does not constitute an adverse employment action.

Second, plaintiff asserts that a lesser qualified member outside of the protected class received a better job on the day shift subsequent to plaintiff's transfer to the day shift. However, defendant has presented evidence to indicate that the failure to get this position was not an adverse employment action because that position actually *paid less* than the position which plaintiff was in. Lee Affidavit at ¶ 6. Plaintiff asserts in his brief that defendant miscalculated the pay of this other position, but does not provide any *evidence* that a miscalculation occurred. Plaintiff's Brief at 25. Accordingly, the fact that a less qualified individual received this lower paying position does not constitute an adverse employment action against plaintiff.

8

Third, plaintiff asserts that he was denied a six-day vacation as a result of his status within a protected class.  Plaintiff's Depo. at 62.  However, plaintiff clearly indicates in his deposition that he took this six-day vacation prior to quitting his job with defendant.  Plaintiff's Depo. at 102-03.  Regardless, plaintiff does not mention this denial of vacation in his brief and thus it appears he has abandoned that claim.

As plaintiff cannot demonstrate the occurrence of an adverse employment action, he has failed to set forth a prima facie case of discrimination under the USERRA and his claims are due to be dismissed.

## IV. Conclusion

Based upon all of the foregoing, defendant's motion for summary judgment is **GRANTED.**  Plaintiff's claims are **DISMISSED WITH PREJUDICE.**

**DONE** and **ORDERED** this the ___26___ day of March 2003.

Inge P. Johnson
U.S. District Judge